Mr. Michael Hamby Attorney at Law 7 South Main Post Office Box 395 Greenwood, Arkansas 72936
Dear Mr. Hamby:
As City Attorney for the City of Greenwood, you have requested my opinion regarding the Arkansas Freedom of Information Act ("FOIA") (A.C.A. §§ 25-19-101 through-110 (Repl. 2002 and Supp. 2009)). Your request is presumably based on A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009), which authorizes the custodian, requester, or the subject of certain employee-related records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.[1] You have sought my guidance regarding the release of a particular document in response to a FOIA request that the City of Greenwood received from a member of the city council. You have asked specifically "whether or not [I] believe this document falls within the parameters of the Freedom of Information Request and if, in [my] opinion, the same should be released."
RESPONSE
In response to your first question, I must note that I am authorized only to review the custodian's decision concerning the release of "personnel records"[2] or *Page 2 
"employee evaluation or job performance records"[3] that the custodian has identified as responsive to the request. I am neither authorized nor situated to opine regarding the identification of records in response to a FOIA request. As one of my predecessors aptly observed:
 [M]y duty to issue an opinion under A.C.A. § 25-19-105(c)(3)(B) arises after the records have been located and is limited to reviewing the custodian's decision as to "whether the records are exempt from disclosure." A.C.A. § 25-19-105(c)(3)(A). . . . Identifying records responsive to the request is a task uniquely within [the custodian's] purview, both as a statutory matter and as a practical matter because it requires factual determinations that are outside the scope of an opinion from this office.[4]
I am consequently unable to answer your first question, which inquires whether the document at issue is responsive to the FOIA.
Assuming, however, that the document is in fact responsive to the FOIA request, resolution of your second question (whether it should be released) entails two threshold matters: 1) whether the document falls within the definition of a "public record" under the FOIA; and 2) whether any pertinent exemption shields it from review. The custodian must resolve these matters in the first instance, based upon the particular circumstances surrounding the creation of, or otherwise pertaining to, the document.[5]
As for the first threshold matter, the document's status as a "public record" will ultimately depend upon its content and whether it reflects official functions.[6] The FOIA defines "public records" as: *Page 3 
 writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium required by law to be kept or otherwise kept and that constitute a record of the performance or lack of performance of official functions that are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.[7]
The FOIA thus establishes a presumption of public record status for "records maintained in public offices or by public employees within the scope of their employment. . . .[,]" which presumption can be rebutted if the records do not "constitute a record of the performance or lack of performance of official functions." I am not a fact-finder in the issuance of Attorney General opinions, and thus I cannot determine whether the document in question meets the definition of a "public record." The custodian must make this threshold determination.
As for the second threshold issue mentioned above — whether any applicable exemption would shield the document from view — I must reiterate that my authority to issue legal opinions to FOIA requestors, custodians, and subjects as specified in A.C.A. § 25-19-105(c)(3)(B)(i) only extends to "personnel or evaluation records."[8] Moreover, my duty entails issuing an opinion stating whether the custodian's decision regarding the release of such records is consistent with [the FOIA]."[9] In this regard, you have not indicated what decision has been made concerning the document's release. Without knowing that decision, I cannot perform my duty under subsection 25-19-105(c)(3)(B)(i). Under the circumstances, I can do no more than discuss generally the definitions and tests relevant to the release of employee-related records, which may potentially be at issue in this case.
As indicated above, the FOIA separately addresses the release of "personnel records" and "employee evaluation or job performance records." Such records *Page 4 
may be exempt from disclosure, depending upon application of the separate test relevant to each category of record. When custodians assess whether either of these exceptions applies to a particular record, they must make two determinations. First they must determine whether the record meets the definition of either exception. Second, assuming the record does meet one of the definitions, the custodian must apply that exception's test for disclosure to determine whether the FOIA requires that record be disclosed.
First, regarding "employee evaluation or job performance records,"[10] it is highly unlikely that this exception applies to the document in question. Following this office's long-standing view of the exception, a public record is an employee-evaluation record when (a) it is created by or at the behest of the employer (b) to evaluate an employee.[11] This exception includes records generated while investigating allegations of employee misconduct that detail incidents that gave rise to an allegation of misconduct.[12] The exception promotes candor in a supervisor's evaluation of an employee's performance with a view toward correcting any deficiencies.[13]
It seems clear from the face of the document at issue and the background facts you have provided that the subjects of the document are elected public officials who are not subject to anyone's direct supervisory control. Accordingly, as one of my predecessors noted regarding documents detailing a mayor's performance, "the rationale for classifying records relating to his performance as exempt simply does not exist."[14] It follows that the document in all likelihood does not meet the definition of employee-evaluation records. *Page 5 
Regarding the exception for "personnel records," the FOIA does not define such records. But this office has consistently taken a fairly broad view of the definition of "personnel records," defining them as all records other than employee evaluation and job performance records that pertain to individual employees.[15] This office has also previously opined that records pertaining to elected officials can constitute "personnel records."[16] Whether a particular record meets this definition is, of course, a question of fact. If a document meets this definition, then it is open to public inspection and copying except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."[17]
While the FOIA does not define the phrase "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court, inYoung v. Rice, [18] has provided some guidance. To determine whether the release of a personnel record would constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test, which weighs the public's interest in accessing the records against the individual's interest in keeping the records private. The balancing takes place with a thumb on the scale favoring disclosure. To aid in conducting the balancing test,Young v. Rice developed a two-step approach. First, the custodian must assess whether the information contained in the requested document is of a personal or intimate nature such that it gives rise to greater than de minimus privacy interest.[19]
If the privacy interest is merely de minimus, then the thumb on the scale favoring disclosure outweighs the privacy interest. Second, if the information does give rise to a greater than de minimus privacy interest, then the custodian must determine whether that interest is outweighed by the public's interest in disclosure.[20] *Page 6 
Because FOIA exceptions must be narrowly construed, the person resisting disclosure bears the burden of showing that, under the circumstances, his privacy interests outweigh the public's interests.[21] The fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is irrelevant to the analysis because the test is objective.[22] Finally, whether any particular personnel record's release would constitute a clearly unwarranted invasion of personal privacy is always a question of fact.[23]
In conclusion, while I am unable for the reasons explained above to answer the questions you have posed, the foregoing discussion should be of assistance in addressing the document at issue.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/EAW:cyh
[1] The procedure outlined in subsection 25-19-105(c)(3)(B)(i) is distinct from that set forth in another statute, A.C.A. § 25-16-706, which requires the Attorney General to give his opinion to certain state officials on matters of state law pertinent to their duties.
[2] A.C.A. § 25-19-105(b)(12) (Supp. 2009).
[3] A.C.A. § 25-19-105(c)(1) (Supp. 2009).
[4] Op. Att'y Gen. 2006-158.
[5] See Op. Att'y Gen. 2007-322 ("The custodian must review the records in order to properly classify each, and to apply the applicable tests under the FOIA to determine which records are public or exempt, and whether any redactions are required.")
[6] See Pulaski County v. Arkansas Democrat-Gazette,371 Ark. 217, 264 S.W.3d 465 (2007); Pulaski County v. ArkansasDemocrat-Gazette, 370 Ark. 435, 260 S.W.3d 718 (2007).
[7] A.C.A. § 25-19-103(5)(A) (Supp. 2009).
[8] A.C.A. § 25-19-105(c)(3)(A).
[9] Id. at (B)(i).
[10] A.C.A. § 25-19-105(c)(1): "Notwithstanding subdivision (b)(12) of this section, all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure."
[11] Op. Att'y Gen. 2004-012 (and opinions cited therein).
[12] Id.
[13] Op. Att'y Gen. 99-339 (citing John J. Watkins, THE ARKANSAS FREEDOM OF INFORMATION ACT (m m Press, 3d ed., 1994) at 141-142.
[14] Op. Att'y Gen. 2004-012.
[15] Op. Att'y Gen. 2011-051; John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT (Arkansas Law Press, 5th ed., 2009) at 187.
[16] Op. Att'y Gen. 2004-003.
[17] A.C.A. § 25-19-105(b)(12).
[18] Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992).
[19] Id. at 598, 826 S.W.2d at 255.
[20] Id.
[21] Stilley v. McBride,332 Ark. 306, 313, 965 S.W.2d 125, 128 (1998).
[22] E.g., Op. Att'y Gen. Nos. 2001-112, 2001-022, 94-198.
[23] Op. Att'y Gen. Nos. 2006-176, 2004-260, 2003-336, 2003-201, 98-001. *Page 1